277 P.2d 818

In the Matter of the Estate of Kenneth G. SCRIVENER, Deceased, Shirlee S. Scrivener, Executrix of the Estate of Kenneth G. Scrivener, Deceased, Appellant,

v.

Albert SCRIVENER and Mrs. Albert Scrivener, as Trustees for Gregory Scrivener, a Minor, Respondents.

No. 8186.

Supreme Court of Utah.

Dec. 17, 1954.

Romney, Boyer & Ronnow, Salt Lake City, for appellant.

Rich & Strong, Salt Lake City, for respondents.

WORTHEN, Justice.

Kenneth G. Scrivener died on January 3, 1953, as the result of an accident. He left as survivors his widow, appellant herein; a son, Gregory, born of a previous marriage; and his parents, respondents herein. During his lifetime he had taken out two policies of life insurance on his life: a policy of National Service Life Insurance in the amount of $10,000 which he took out while serving in the United States Army; the other policy with the Prudential Insurance Company of America in the face amount of $5,000, with a provision for double indemnity in case of accidental death. It is with only the latter policy that we are concerned in this case.

Originally, the deceased's divorced wife, Ruth E. Scrivener, who is the mother of Gregory, was the beneficiary of the Prudential policy, with Gregory as contingent beneficiary. Later, the deceased changed the beneficiary to his mother, Alberta G. Scrivener, if living; otherwise to his son, Gregory. A further change was made subsequently whereby the deceased provided:

"If this policy matures by death the proceeds shall be payable in one sum

to the Executors or Administrators of the insured."

One day prior to his death the deceased made his last will and testament which after his death was duly admitted to probate in the court below. He appointed his wife, the appellant, executrix. In the third paragraph of the will it was provided:

"Third, I hereby give, devise, and bequeath to my parents, Mr. and Mrs. Albert Scrivener, or the survivor of them of Rochester, New York, my $5000.00 life insurance with The Prudential Insurance Company of America, Policy 17655702, to be held in trust for the uses and purposes hereinafter set forth:

"They, the said Mr. and Mrs. Albert Scrivener, or the survivor, as such trustees, shall have full power to manage and control the $5000.00 principal derived from said life insurance policy, with the power to invest or reinvest same as they may see fit so to do for the purpose of educating, maintaining and supporting my son, Gregory Scrivener, until such time as he shall reach twenty-one years, at which time the said trustees are to pay over to my son, Gregory, the balance, if any, of the $5000.00, and after such payment, the said trustees shall then be discharged from any further liability on their part. Provided, that if my parents predecease me, or that if they decease prior to the execution of said trust,

I then request my brother, Clifford C. Scrivener, of St. Louis, Missouri, be appointed substitute trustee, to be succeeded by my sister, Mary Ellen Woods of Rochester, New York, if need be."

The remainder of his estate he devised to his wife, the appellant.

After the demise of the deceased, the Prudential Insurance Company of America paid to his estate the sum of $9,995.99, computed as follows:

| | | |
|---|---|---|
| Amount of Policy No. 17655702 | | $5000.00 |
| Paid-up Additions | | 10.69 |
| Premiums Deducted | $14.70 | |
| Accidental Death Benefits | | 5000.00 |
| | | $9995.99 |

The appellant, as executrix, tendered to the deceased's parents the sum of $5,000 in full payment of the bequest made in the third paragraph of the will. They declined to accept said sum claiming that they were entitled as trustees to the entire proceeds of said policy, including the double indemnity benefits, and filed a petition in the court below setting forth their claim. An order to show cause was thereupon issued by the court requiring the appellant to show cause, if any she had, why she should not pay to the respondents $9,995.99, the entire amount of the proceeds realized by the estate from the Prudential policy. After a hearing on the order to show cause, the lower court entered an order awarding the sum of $9,995.99 to

the respondents. From that order this appeal is taken.

The primary contention of the appellant is that the bequest made in the third paragraph of the will to the respondents in trust is a bequest of $5,000 of life insurance and not a bequest of the policy itself or of the proceeds from the policy. She refers us to the direction of the testator that the trustees were to "have full power to manage and control the *$5000.00 principal* derived from said life insurance policy" and his direction to the trustees "to pay over to my son Gregory the balance, if any *of the $5000.00*," upon Gregory's attaining the age of twenty-one years (italics added). She argues that had the deceased intended to give all the proceeds of the policy to the trustees, he would not have limited the bequest to $5000 principal and thereby excluded other values and benefits which a policy may have such as interest, dividends, and, as in this case, double indemnity benefits.

With this contention we cannot agree. We think it was the testator's intent to bequeath the insurance policy with all its benefits, proceeds and incidents to the trustees. This intent is evidenced by the first sentence of the third paragraph where he gave to his parents, in trust, "my $5000.00 life insurance with The Prudential Insurance Company of America, Policy 17655702, * * *." This is not a bequest of $5000 as appellant contends, but a bequest of a specific policy with all its proceeds and incidents. The testator refers to the policy by number, to the name of the insurer, and to the face amount of the insurance. We think the amount, $5000, is referred to not as a limitation of the amount which should go to the trustees, but as the face amount of insurance. It is a common practice to refer to an insurance policy by its face amount even though the policy may have other benefits which bring its value beyond that of the face amount, or even though the policy may have loans against it which render its value less than the face amount.

The fact that the deceased subsequently in paragraph 3 refers to the "$5000.00 principal" derived from the policy does not indicate an intent to limit the amount to go to the trustees to that amount. We think the figure, "$5000.00" was used by the testator as a recital of the amount which he thought would be the "principal derived from said life insurance policy," and not as a word of limitation. Of course, he did not know and he could not know that he would die by accidental means. He thought the principal would amount to $5,000. But his *intent* was to give "the principal derived from said life insurance policy," and not simply to give $5,000. Such being his intent it is inconsequential that the testator misrecited the amount of the "principal derived from said life insurance policy."

It is next contended by the appellant that the contract for double indemnity

benefits is a separate and distinct contract from the contract for life insurance, even though both contracts are contained in the same policy, and that the testator when he bequeathed "my $5000 life insurance" only intended to give to the trustees the life insurance as distinguished from the double indemnity benefits. Assuming the law to be as stated by appellant, a short answer to her contention is that we cannot ascribe to the testator a knowledge of the niceties of insurance law. We must look for his intent which, we think, was to treat the policy as a whole. There is nothing in his will which would justify us in making the distinction urged by appellant. Had the deceased intended to treat the policy as divisible it is likely that he would have made a specific bequest of the double indemnity benefits, if any there were, to someone other than Gregory.

Nor do we find any merit in appellant's contention that the testator by twice changing the beneficiaries of the Prudential policy evidenced an intent to limit the amount which should go for the benefit of his son, Gregory. The original beneficiaries were Ruth C. Scrivener, deceased's divorced wife and mother of Gregory, with Gregory as contingent beneficiary. Later, he made his mother beneficiary with Gregory still the contingent beneficiary. Then shortly before his death, he made the policy payable to his estate. Still later he made his will containing the specific bequest in the third paragraph thereof, but left his National Service Life Insurance Policy to go to his wife, the appellant, by the residuary clause of his will. We do not think these successive changes of beneficiaries shed any light on whether he intended to limit the bequest to the trustees to $5,000.

The judgment below is affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.